# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>RIVERA-MELECIO, et al.,<br><br>Defendants. | CASE NO. 16-0198 (GAG) |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Defendant Romero-Lacend filed a Motion to Suppress, to which co-Defendant Rivera-Melecio joined. (Docket Nos. 50 and 56). The Government filed a Response in Opposition (Docket No. 63) to the Motion to Suppress. A suppression hearing was held before Magistrate Judge Camille L. Vélez-Rivé. (Docket Nos. 81 and 82).

Magistrate Judge Vélez-Rivé issued a comprehensive Report and Recommendation that concluded the Motion to Suppress be denied. (Docket No. 86). Pursuant to Local Rule 72(a), Defendants timely objected. (Docket No. 99). The Government filed a Response in Opposition. (Docket No. 101).

The Court has reviewed Magistrate Judge Vélez-Rivé's Report and Recommendation (Docket No. 86), as well as the transcripts of the suppression hearing (Docket Nos. 89 and 90), Defendant's objection to the Report (Docket No. 99), and the Government's response in Opposition (Docket No. 101). The Court **ADOPTS** the Report and Recommendation in its entirety. As such, the Court **DENIES** Defendant's motion to suppress.

Civil No. 16-0198 (GAG)

I. **Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B). Parties may file objections to a Magistrate Judge's Report and Recommendation. Rule 59(b) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations." Upon a party's objection, the Court shall make a *de novo* review.

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." 28 U.S.C. § 636(a)(b)(1). Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. See Hernandez–Mejias v. General Elec., 428 F.Supp.2d 4, 6 (D.P.R. 2005).

II. **Discussion**

Defendants' object to the Report and Recommendation regarding the Motion to Suppress. Defendant's aver that:

> Acevedo's claim to have witnessed a minor administrative traffic violation is merely a pretense to stop the car (broken window and window tints). The officers had no reason to believe that any of the occupants of the vehicle, had been engaged in, were engaged in or were about to engage in any criminal activity. *U.S. v. Kimball*, 25 F.3d 1 (1994). Therefore, the officers lacked the requisite reasonable suspicion to stop the vehicle in which Mr. Romero-Lacend traveled. Without sufficient articulable, reasonable suspicion, the stop was unjustified, unreasonable and violated the Fourth Amendment.

**Civil No. 16-0198 (GAG)**

(Docket No. 99 at 17). Defendants' objection to the Report and Recommendation is replete with "what if" statements and rehashes arguments already considered by Magistrate Judge Vélez-Rivé. It is clear from the suppression hearing that the evidence presented by Defendants through their witness was not credible. (Docket Nos. 86, 89, and 90). Furthermore, the officers had reasonable suspicion to stop the vehicle in which Defendants traveled as it had illegally tinted windows. Id. Additionally, Defendant Rivera-Melecio opened the car door to allow Officer Onil Tejeda to test the tinted windows, and in plain view, he saw a firearm inside the car. Id. Thus, the occupants inside the car were properly arrested and read their Miranda rights.

This Court finds that there is no reason to divert from Magistrate Judge Vélez-Rivé's Report and Recommendation. (Docket No. 86). The officers legally stopped the vehicle since they had reasonable suspicion that a traffic violation had been committed. Subsequently, the officers found the firearm in plain view. Defendants were arrested, read their Miranda rights twice, and were also provided the same in writing. Id at 7. The vehicle did in fact have the illegally tinted windows. (Docket No. 101). "What if" statements and hypothetical arguments not grounded in fact are not sufficient for this Court to reject the Report and Recommendation (Docket No. 86). This Court finds that the officers, as a matter of law, did have reasonable suspicion to stop the vehicle and that the subsequent discovery of the firearm was valid.

Civil No. 16-0198 (GAG)

### III. Conclusion

After conducting a *de novo* review, the Court finds that Defendant's objection is without merit, and **ADOPTS** in its entirety Magistrate Judge Vélez-Rivé's Report and Recommendation at Docket No. 86. Defendant's Motion to Suppress (Docket No. 50) is hereby **DENIED**.

**SO ORDERED**

In San Juan, Puerto Rico this 30th day of November, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge